# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH MEJIA, *et al.*, <br><br> Defendants. | Case No. 1:22-cv-00072-BAK (BAM) (PC) <br><br> ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION <br><br> FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* BE DENIED <br><br> (ECF Nos. 2, 9) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Curtis Lee Henderson, Sr. ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. §1983. Plaintiff has filed two applications to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF Nos. 2, 9.) Because Plaintiff has three "strikes" under section 1915(g) and fails to show that he is in imminent danger of serious physical injury, the Court recommends that Plaintiff's motions be **DENIED**.

**I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

28 U.S.C. § 1915 governs proceedings *in forma pauperis* ("IFP"). The statute provides:

> In no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical

injury.

28 U.S.C. § 1915(g). This section is commonly referred to as the "three strikes" provision. *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("*King*"). "Pursuant to § 1915(g), a prisoner with three strikes or more cannot proceed IFP." *Id.*; *see also Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*") (holding that "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule"). The objective of the Prison Litigation Reform Act ("PLRA") is to further "the congressional goal of reducing frivolous prisoner litigation in federal court." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997).

Not all dismissed cases qualify as a strike under § 1915(g). *King*, 398 F.3d at 1121. "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim." *Id.* at 1116 n.1 (internal quotations omitted). Once a prisoner has accumulated three strikes, he is prohibited by section 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051–52 (noting section 1915(g)'s exception for IFP complaints that "make[] a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing").

The danger Plaintiff alleges to face must be real, proximate, and/or ongoing. *Cervantes*, 493 F.3d at 1055; *see also Herbaugh v. San Diego Sheriff's Dep't*, No. 3:18-cv-01899-JLS-NLS, 2018 WL 5024802, at *2 (S.D. Cal. Oct. 17, 2018) (citing *Blackman v. Mjening*, 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical.")). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. *Herbaugh*, 2018 WL 5024802, at *2 (quoting *White v. Colorado*, 157 F.3d 1226, 1231–32 (10th Cir. 1998)).

///

///

## II. DISCUSSION

The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980). Here, the Court takes judicial notice of Plaintiff's prior lawsuits that were dismissed on the grounds that they were frivolous or failed to state a claim:

1. *Henderson v. Smith*, Case No.1:13-cv-00287-LJO-SAB-PC (E.D. Cal. Aug. 3, 2015) (revoking Plaintiff's IFP status and dismissing action without prejudice);
2. *Henderson v. Holz,* Case No. 07-cv-0909-SBA (N.D. Cal. Sept. 2, 2009) (adopting report and recommendation and dismissing complaint for failure to state a claim without leave to amend);
3. *Henderson v. United States*, Case No. 2:08-cv-2383-WBS-CMK-P (N.D. Cal. Dec. 29, 2008) (recommending dismissal of case for failure to state a claim), *adopted* (N.D. Dec. 29, 2008);
4. *Henderson v. Hamren*, Case No. 1:99-cv-05957-AWI-DLB (E.D. Cal. Dec. 22, 2000) (adopting report and recommendation and dismissing complaint for failure to state a claim), *aff'd*, App. Case No. 01-15094 (9th Cir. Dec. 9, 2002); and
5. *Henderson v. Small*, Case No. 1:98-cv-05138-DLB (E.D. Cal. Mar. Mar. 6, 1998) (dismissing action for frivolity), *aff'd* App. Case No. 98-16004 (9th Cir. Jan. 12, 1999).

Each of these cases was dismissed prior to the commencement of the current action on January 19, 2022. Plaintiff is therefore subject to the section 1915(g) bar, and he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Cervantes*, 493 F.3d at 1052–53.

The Court has reviewed Plaintiff's complaint, (ECF No. 1), and finds that Plaintiff's allegations do not meet the imminent danger exception. In the complaint, Plaintiff's request for relief includes a request for "declaratory judgment in the form of anti-retaliation to ensure my safety I file this under immenent [sic] danger of serious physical harm or death." (*Id.* at 11.) Plaintiff alleges that on June 20, 2021, Plaintiff received a false rules violation from Defendant Mejia in retaliation for submitting administrative complaints and was threatened not to submit more complaints. Plaintiff alleges that defendants discriminated against Plaintiff for his

3

1    disabilities, *i.e.*, he is in a wheelchair and is visually impaired.  Plaintiff alleges that Defendant

2    Herrmann pointed a firearm at Plaintiff; Defendant Mejia's actions caused Plaintiff to fear for his

3    safety; he was afraid of being shot, seriously injured, or murdered in retaliation for filing inmate

4    appeals; and his fear of retaliation caused him emotional distress.  (*Id.* at 3–6.)

5    On December 16, 2021, Plaintiff was interviewed by Sergeant Herrmann, who called him

6    "petty" for filing complaints.  Plaintiff complains that he was coerced and intimidated by staff,

7    and Defendant Herrmann.

8    On January 8, 2022, Sergeant Martin interviewed Plaintiff about his complaints against

9    staff. Plaintiff states that he was in fear because Defendant Mejia was in the area. The same day,

10   as Plaintiff was leaving the chapel, Defendant Mejia spat sunflower seeds at Plaintiff and "he

11   was projecting intimidation, hostility, and anger." (Doc. 1 at 8.)  Plaintiff states that he was "in

12   fear of more retaliation such as being placed in a holding cage having my personal legal property

13   destroyed or my clothing and beddings contaminated with pepper spray or dog urin[e]."  (*Id.*)

14   Also, Plaintiff states "spiting [sic] on me was the cultural way of calling me a snitch and saying

15   that I deserved the harassment." (*Id.*)  Plaintiff also complains that Defendant Mejia

16   discriminated against Plaintiff, who is vision and mobility impaired.  In particular, Plaintiff

17   asserts:

18   > Here, [Plaintiff] has been both retaliated against and discriminated against and is living
19   > under control[] of Defendants whos[e] conditions are imminently dangerous and pose a
20   > substantial risk to serious physical harm.  Pointing a gun at [Plaintiff] serves no
     > penological purpose causing fear[,] depression, panic attacks[,] and post-traumatic stress
21   > . . . .

22   (*Id.*)

23   Plaintiff describes an environment of retaliation and intimidation that caused him fear of

24   serious physical injury or death.  Plaintiff attributes most of his fear due to alleged threats and

25   abuse by Defendant Mejia.  Many of his allegations of imminent danger of serious physical

26   injury, however, are conclusory or speculative.  Even under a liberal construction of the

27   complaint, Plaintiff's allegations, even if true, do not show that Plaintiff is in imminent danger of

28   serious physical injury. *See Cervantes*, 493 F.3d 1055.  Accordingly, Plaintiff is precluded from

4

proceeding *in forma pauperis* in this action.

## III.     CONCLUSION

Accordingly, the Court HEREBY ORDERS the Clerk of Court to randomly assign a District Judge to this action.

Further, it is HEREBY RECOMMENDED that:

1. Plaintiff's motions to proceed *in forma pauperis*, (ECF No. 2, 9), be **DENIED**; and
2. Plaintiff be ORDERED to pay the $402.00 initial filing fee in full to proceed with this action.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  **Within fourteen (14) days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **February 22, 2022**            /s/ Barbara A. McAuliffe
                                                                            UNITED STATES MAGISTRATE JUDGE

5