# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS LEE HENDERSON, SR., <br><br> Plaintiff, <br><br> v. <br><br> RALPH MEJIA, et al., <br><br> Defendants. | Case No. 1:22-cv-00072-AWI-BAK (BAM) (PC) <br><br> FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE <br><br> (ECF No. 13) <br><br> **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Curtis Lee Henderson, Sr., is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. On January 19, 2022, Plaintiff initiated this action by filing a complaint asserting a First Amendment retaliation claim against Defendants. (ECF No. 1.) At the same time, Plaintiff filed a motion to proceed *in forma pauperis*. (ECF No. 2.)

On April 1, 2022, the Court denied Plaintiff's motion upon a determination that Plaintiff has three "strikes" under section 1915(g) and the complaint fails to show that he was in imminent danger of serious physical injury at the time of filing. (ECF No. 13; *see also* ECF No. 11.) The Court ordered Plaintiff to pay the $402.00 initial filing fee to proceed with this action and cautioned: "The failure of Plaintiff to comply with this Order will result in a dismissal of this case for failure to comply with a court order and failure to prosecute." (ECF No. 13.) More than forty-five days have passed, and Plaintiff has failed to comply with the order and prosecute this action by paying the filing fee.

# I. THE COURT'S SANCTION AUTHORITY

## A. Local Rules and Inherent Power of Court

Under the Local Rules of this district, this Court has the authority to impose any appropriate sanction to enforce its orders: "Failure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." L.R. 110. Individuals proceeding *pro se* are bound by the Court's Local Rules the same as licensed attorneys. *See* L.R. 183 ("Any individual representing himself or herself without an attorney is bound by the Federal Rules of Civil or Criminal Procedure, these Rules, and all other applicable law. All obligations placed on 'counsel' by these Rules apply to individuals appearing *in propria persona*.").

"District courts have inherent power to control their dockets" and in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Hous. Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

## B. Rule 41(b)

Rule 41(b) of the Federal Rules of Civil Procedure authorizes courts to dismiss an action for failure to comply with a court order. Although that rule appears to contemplate that dismissal will be precipitated by a motion from the opposing party, a court may act *sua sponte* under Rule 41(b). *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962); *Pagtalunan v. Galaza*, 291 F.3d 639, 640–43 (9th Cir. 2002) (affirming district court's *sua sponte* dismissal of habeas petition with prejudice "for failure to prosecute and failure to comply with a court order").

# II. DISCUSSION

## A. Consideration of Factors Warranting Dismissal

In exercising Rule 41(b), Local Rule powers, and the Court's inherent authority, the

Court recommends the dismissal of this action.  In considering whether to dismiss an action for failure to comply with a court order, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *See Pagtalunan*, 291 F.3d at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642.  Here, the Court ordered Plaintiff to pay the filing fee "to proceed with this action." (ECF No. 13.)  Plaintiff's failure to comply with this order has stalled the case and prevents expeditious resolution of the case.  Therefore, the first factor favors dismissal.

The Court's need to manage is docket also weighs in favor of dismissal.  The second factor focuses on whether a particular case has "consumed large amounts of [a district] court's valuable time that it could have devoted to other major and serious criminal and civil cases on its docket."  *See Ferdik*, 963 F.2d at 1261 ("It is incumbent upon us to preserve the district courts' power to manage their dockets without being subject to the endless vexatious noncompliance of litigants like Ferdik.").  This Court has already devoted time to reviewing the Plaintiff's prior lawsuits that were dismissed on the grounds that they were frivolous or failed to state a claim; reviewing the complaint to determine whether Plaintiff was under imminent danger of serious physical injury at the time of filing; and considering Plaintiff's objections to the recommendation to deny Plaintiff's motion to proceed *in forma pauperis*.  (*See* ECF Nos. 11–13.)  Additionally, the Court has been tracking the docket in anticipation of payment of the filing fee.  This case, only to be stalled by Plaintiff's failure to prosecute, has diverted the Court's attention from the voluminous number of other cases pending that are competing for its limited resources.  Thus, the factor of the Court's need to manage its docket weighs strongly in favor of dismissal.

The third factor—prejudice to the Defendants—does not support dismissal.  "A defendant suffers prejudice if the plaintiff's actions impair the defendant's ability to go to trial

3

or threaten to interfere with the rightful decision of the case." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1227 (9th Cir. 2006) (quoting *Adriana Int'l Corp. v. Thoerren*, 913 F.2d 1406, 1412 (9th Cir.1990)).  Here, no defendants have been served and brought into the action because of Plaintiff's failure to advance the case by paying the filing fee.

The fourth factor—less drastic alternatives—also weighs in favor of dismissal.  Less drastic alternatives to dismissal include, *inter alia*, a warning to a party that dismissal could result from failure to obey a court order.  *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987).  The Court considered lesser sanctions, but no lesser sanction is warranted.  Monetary sanctions are worthless because money cannot rectify or moderate Plaintiff's conduct.  Plaintiff has demonstrated an unwillingness to abide by court orders.  Evidentiary sanctions would not correct the conduct because they would not halt Plaintiff from attempting to multiply proceedings or force him to comply with court orders and rules of procedure.  The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).  Furthermore, "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." *Ferdik,* 963 F.2d at 1262.  As explained above, Plaintiff was adequately warned that his case would be dismissed if he failed to comply with the order to pay the filing fee.

The fifth factor—the public policy favoring the disposition of cases on their merits— ordinarily weighs against dismissal.  *See In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).  However, Plaintiff's failure to prosecute this case by paying the filing fee prevents this case from advancing to disposition of this case on its merits.  This factor weighs only slightly against dismissal.

In sum, the five-factor analysis supports a recommendation for dismissal of this case.

**B.     Prior Warnings were Given in Clear and Explicit Terms**

Before ordering a terminating sanction, a court must warn the offending parties and try other sanctions first.  For example, a district court's failure to warn a party that dismissal is

being considered as a sanction weighs heavily against the sanction. *U.S. for Use and Ben. of Wiltec Guam, Inc. v. Kahaluu Const. Co., Inc.*, 857 F.2d 600, 605 (9th Cir.1988). The Court ordered Plaintiff to pay the $402.00 initial filing fee to proceed with this action and cautioned: "The failure of Plaintiff to comply with this Order will result in a dismissal of this case for failure to comply with a court order and failure to prosecute." (ECF No. 13.) Despite this warning, Plaintiff failed to comply with the Court's order.

### III. CONCLUSION

Based on the foregoing, the Court RECOMMENDS that this action be DISMISSED WITH PREJUDICE for failure to comply with a court order and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 31, 2022**             /s/ *Barbara A. McAuliffe*
                                                                   UNITED STATES MAGISTRATE JUDGE